UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

LEONARDO CAPOTE, individually, and
on behalf of others similarly situated

CASE NO.

Plaintiffs,

v.

DIVINE QUALITY CARE, LLC., a Florida
Limited Liability Company, and
VENISHIA Q. JORDAN, individually

Defendants.
_____/

# COLLECTIVE ACTION AND COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff LEONARDO CAPOTE individually and on behalf of other similarly situated employees ("CAPOTE" and/or "PLAINTIFF"), brings this collective action and complaint for damages and demand for a jury trial against Defendants DIVINE QUALITY CARE, LLC. ("Defendant Divine Quality"), and VENISHIA Q. JORDAN ("Defendant Jordan") (collectively, "Defendants"), for back wages owed by Defendants in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* ("the FLSA"), and in support thereof, alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff was and is a resident of Miami-Dade County, Florida at all times material hereto and he is *sui juris*. He was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e), who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay of the time spent working over 40

hours per week from Defendants at all times material hereto. Plaintiff consents to participate in this lawsuit (See [DE 1-1]).

2. Defendant DIVINE QUALITY is and was, at all times material hereto, a Florida Limited Liability Company that was authorized to and actually conducted its for-profit business in this district, and it is *sui juris*. It maintains its principal place of business in the district of Miami-Dade County, Florida.

3. Defendant JORDAN was and is the owner and operator of the corporate Defendant, Defendant DIVINE QUALITY, for the relevant time period. At all times material hereto, Defendant JORDAN ran Defendant DIVINE QUALITY's day-to-day operations, had supervisory authority over Plaintiff and was partially or totally responsible for paying Plaintiff's wages and is *sui juris*. She lives in Miami-Dade County, Florida.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. § 203(d). All Defendants employed Plaintiff.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this suit is based on claims made under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Jurisdiction is further conferred upon this Court by 28 U.S.C. § 1337.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(ii) because "a substantial part of the events or omissions giving rise to the claim" occurred within the Southern District of Florida, because Defendants transact substantial, and not isolated, business within the Southern District of Florida, because Defendants maintain several offices and their principal place of business and/or live in this District, because Defendants' paid Plaintiffs, and other similarly

situated employees, in this District, and because Plaintiff, and all other similarly situated employees, worked overtime in this District.

## BACKGROUND AND STATEMENT OF FACTS

7. Defendants have been at all times material hereto engaged in interstate commerce in the course of their provision of fellowship and protection, personal care and health related services in South Florida which, traditionally, cannot be performed without using goods, materials, supplies and equipment that have all moved through interstate commerce. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per annum during the relevant periods.

8. In particular, Defendants perform care and health related services that utilize, in part, equipment, tools, goods, machinery, computers, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

9. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act ("FLSA").

10. Plaintiff worked for Defendant from approximately March 1, 2017 until approximately April 30, 2017. To the extent that records exist regarding the exact dates of Plaintiff s employment exist, such records are in the exclusive custody of Defendants.

11. Plaintiff's work for Defendants, as well as, the work of other similarly situated employees of Defendants, was actually in or so closely related to the movement of commerce

while he and other similarly situated employees worked for Defendants that the FLSA applies to Plaintiff's work for Defendants in the course of his utilizing equipment, tools, machinery, buckets, medical products, and other medical goods and supplies that moved through interstate commerce. Plaintiff would regularly work with equipment, tools, gloves, materials, medical equipment, and medical supplies that moved in interstate commerce prior to their use of same.

12. Plaintiff sues on behalf of himself and other similarly situated non-exempt employees who were employed or currently are employed by Defendants and who elect to opt in to this action.

13. Defendants have violated the wage and hour provisions of the FLSA by depriving Plaintiff and other similarly situated employees of payment of overtime wages.

14. Throughout his employment, Plaintiff, and other similarly situated employees, regularly worked for Defendants in excess of forty (40) hours per week.

15. In addition, from March 2017 through April 2017, Defendants scheduled Plaintiff to work approximately 10 to 20 hours of overtime per week.

16. During that time period, Defendants paid Plaintiff an hourly rate of $10.00 per hour regardless of the hours that he worked.

17. Plaintiff retained the law offices of the undersigned attorneys to represent him in this action and are obligated to pay a reasonable attorneys' fee for all services rendered.

18. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

### COUNT I – VIOLATION OF THE FLSA OVERTIME PROVISIONS

19. Plaintiff realleges and incorporates herein all of the allegations set forth in paragraphs 1 through 18, above as if set forth herein.

20. Plaintiff, and other similar situated employees, worked for Defendants over 40 hours in a given workweek providing services that included, but were not limited to, fellowship, protection and companion services that exceeded 20% of his work week.

21. Defendants willfully and intentionally refused to pay Plaintiff, and other similar situated employees, overtime wages calculated at a rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek.

22. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay he earned.

23. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated employees.

24. As a result of Defendants violations of the FLSA, Plaintiff, and other similarly situated employees, suffered damages because they were denied overtime wages in accordance with sections 206 and 207 of the FLSA.

25. Plaintiffs is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE, LEONARDO CAPOTE, demands the entry of a judgment in his favor and against Defendants DIVINE QUALITY CARE, LLC. and VENISHIA Q. JORDAN, after trial by jury and as follows:

    i. That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and

      in 29 U.S.C. §216(b), 29 U.S.C. § 201, <u>et seq.</u> and any supporting U.S. Department of Labor Regulations;

ii. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255;

iii. That Plaintiff recover an award of reasonable attorney's fees, costs, expenses and all other compensation available to them pursuant to 29 U.S.C. § 216(b);

iv. That Defendants be Ordered to make Plaintiff, and all similar situated employees, whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial; and

v. Any other relief the Court deems just and proper.

### **REQUEST FOR TRIAL BY JURY**

26. The Plaintiff hereby requests trial by jury on all matters so triable.

Dated this 9th day of June, 2017.

          Respectfully submitted,

          **SOCORRO LAW, PA**
          *Counsel for Plaintiff*
          355 Alhambra Circle
          Suite 801
          Coral Gables, Florida 33134
          Telephone: (305) 444-6628
          Facsimile: (305) 444-6627
          Email: jose@socorrolaw.com

          By:/s/ José A. Socorro
              **JOSÉ A. SOCORRO**
              Florida Bar No.: 011675